Carl A. LIGON, Jr., Plaintiff,

v.

Dennis DOHERTY, et al., Defendants.

No. CV 00–0253(TCP)(ETB).

United States District Court,
E.D. New York.

June 25, 2002.

Harry H. Kutner, Jr., Kutner & Lynch, Mineola, NY, for Plaintiff.

W. Scott Schneider, Suffolk County Attorney's Office, Hauppauge, NY, for Defendants.

## MEMORANDUM OPINION AND ORDER

BOYLE, United States Magistrate Judge.

By order of the undersigned, dated April 4, 2002, the *pro se* plaintiff, Carl A. Ligon, Jr., and counsel for the County of Suffolk and its named defendant correction officers were directed to show cause, in writing, on or before May 3, 2002, why this action should not be dismissed, without prejudice, pursuant to *Porter v. Nussle,* 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (Feb. 26, 2002).

*The Factual Background*

This action was commenced by counsel, Harry H. Kutner, Jr., representing the plaintiff, on January 13, 2000. The action is filed pursuant to 42 U.S.C. §§ 1983, 1985(3) and 1988, and seeks money damages arising from a single episode of alleged assault by Suffolk County corrections officers at the Suffolk County Jail on January 21, 1999. The plaintiff seeks damages based on the use of excessive force, false imprisonment (prisoner isolation) and malicious prosecution (violation of prison regulations). Supplemental jurisdiction of the district court is invoked with respect to claims for abuse of process, malicious prosecution and false arrest. At the time of the commencement of this action the plaintiff was no longer an inmate at the Suffolk County Jail, having been transferred from that facility on April 19, 1999 to the New York State Hudson Correctional Facility in Colombia County.

The complaint is devoid of any allegations as to exhaustion of administrative remedies at the Suffolk County Jail prior to the initiation of this action. This is confirmed by records attached to the County Attorney's submission in support of dismissal, by Assistant County Attorney John D. Aspland, Esq. These records indicate that at the hearing conducted pursuant to New York General Municipal Law § 50 h, the plaintiff testified that he did not file any complaint or grievance with the jail authorities prior to commencement of this action. *See* Exhibit B at 75–76, annexed to County submission, dated May 2, 2002. Also annexed at Exhibit A to the County's submission is a copy of the applicable Correctional Facility Rules & Regulations of the Suffolk County Sheriff (Revised October 1976) with respect to the "Resident Grievance and Complaint Procedure" for jail inmates. *See* Exhibit A at pp. 8–9.

Counsel for the plaintiff was permitted to withdraw from this action on April 1, 2002. The pro se plaintiff failed to appear, contrary to specific instructions, at a conference held on April 1, 2002 at 10:00 a.m., the return date of his attorney's application to be relieved, and failed to make any submission on this show cause order. The court has subsequently been informed that the defendant on or before April 2002 was returned to custody and is presently incarcerated at the Suffolk County Jail.

■ The New York State prison system maintains a website where a prisoner's whereabouts in the New York State prison system may be tracked. The court will take judicial notice of the records posted by the New York State Department of Correctional Services as to the plaintiff herein. *See www.docs.state.ny.us* at Inmate Information–Location/Status Legal Dates/etc. (Carl Ligon, DIN 99R2348). This record states that the plaintiff was transferred upstate to the Mid Hudson Correctional Facility maintained by the State of New York on April 19, 1999.

## DISCUSSION

The Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a) (1994 ed., Supp. V), provides:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies *as are available* are exhausted. (*Emphasis added.*)

In *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002), the court held that the reference to "prison conditions" noted above in the PLRA applies to "all inmate suits about prison life, whether they involve general circumstances or particular episodes." *Id.* at 992. Where however, as here, an administrative officer has no authority to act on the subject of a complaint, the inmate has nothing to exhaust. *Booth v. Churner*, 532 U.S. 731, 736, 121 S.Ct. 1819, 1822 n. 4, 149 L.Ed.2d 958 (2001) (The PLRA requires administrative exhaustion of remedies where the grievance process is authorized to provide some responsive action, even though it is not authorized to provide money damages which the plaintiff seeks); *see also Stanislas v. Tolson*, No. 00–5419, 2002 WL 718441, at *1 (E.D.N.Y. Mar. 19, 2002) (Raggi, J.). Plaintiffs who are not in custody at the time of the commencement of an action challenging prison conditions are not considered "prisoners" under section 1997e(a) and therefore are not subject to the exhaustion requirement under this provision. *Greig v. Goord*, 169 F.3d 165, 167 (2d Cir.1999). As noted in *Cox v. Malone*, No. 00–8355, 2002 WL 727019 (S.D.N.Y. Apr. 24, 2002) "it makes no sense to apply this procedural requirement to former inmates who can no longer avail themselves of prison grievance procedures." *Id.* at *4.

The same reasoning should apply here. Even though the plaintiff remained an inmate, and therefore was a "prisoner" under section 1997e(a), when the action was commenced he was not a prisoner at the correctional facility where the incident allegedly occurred, having been transferred to an upstate facility maintained by the State of New York. Thus the focus here must be on the availability of an administrative remedy at the time this action was commenced.

This issue was raised in *Thomas v. Capt. Henry*, No. 02–2584, 2002 WL 922388, at *2 (S.D.N.Y. May 7, 2002) (Eaton, M.J.). The plaintiff there had been transferred from a New York City facility (Rikers Island) to a state facility. The incident occurred at the city facility and at the time the action was commenced the plaintiff had been transferred to a correctional facility

maintained by the State of New York. On the facts there, but with no analysis of the administrative remedies at the local facility, the court held that the transfer did not relieve the plaintiff of the administrative grievance procedure since the plaintiff could use the mails to avail himself of administrative procedures available at the New York City correctional facility. *Id.*

 Such an administrative remedy is not available here at the Suffolk County Jail. The County has provided a copy of the relevant Suffolk County Correctional Facility Rules and Regulations relating to Resident Grievance and Complaint Procedures. (County Exhibit A at 8.) This states that "there are several ways you may air your complaints while you are a resident of this facility." *Id.* The Informal Procedures involve "speak[ing] to the tier representative of the Resident Liaison Council" and attempting to resolve the problem. *Id.* The formal procedure of filing a written grievance is available in the event that "a mutually acceptable solution cannot be reached between you and the duty lieutenant. . . ." *Id.* The availability of these procedures is limited to "complaints while you are a resident of this Facility." *Id.*

Since plaintiff was transferred to a State facility prior to commencement of this action, the above administrative procedure at the Suffolk facility was no longer available to him at the time this action commenced. Accordingly there was no administrative remedy procedure available for him to exhaust. A critical fact in making this determination is the plaintiff's transfer date, which is based on the information maintained by the New York State Department of Correction at its website, noted above. Should this information be inconsistent with the records maintained by the County defendants, they may renew their application to dismiss.

For the foregoing reasons, the County's motion to dismiss under *Porter v. Nussle* is denied without prejudice.

SO ORDERED.